(February 25, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAKIA T. CHANEY, Appellant. [897 NYS2d 275]—

Rose, J. Appeals (1) from a judgment of the County Court of Schenectady County (Giardino, J.), rendered January 31, 2008, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court

---

(Drago, J.), entered March 17, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. After considering whether to order defendant's placement in a drug rehabilitation program, County Court declined to order placement due to defendant's lengthy criminal history and sentenced him to five years in prison with three years of post-release supervision. When defendant later moved to vacate the judgment pursuant to CPL 440.10 on the ground that he had received ineffective assistance from the attorney who represented him at the time of his plea, County Court denied the motion. Defendant now appeals from the judgment of conviction and, with permission, from the denial of his application for postconviction relief.

Contrary to defendant's contention that his entry of the guilty plea and waiver of the right to appeal were not knowing and voluntary because he was rushed and pressured without having the alternatives and consequences fully explained to him, the plea colloquy and the written waiver amply demonstrate that he "knowingly, intelligently and voluntarily waived his right to appeal" (*People v Ramos*, 7 NY3d 737, 738 [2006]; *see People v Meacham*, 63 AD3d 1371, 1371 [2009], *lv denied* 13 NY3d 798 [2009]). Given the valid waiver of appeal, defendant is precluded from challenging the factual sufficiency of his plea allocution (*see People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]), and his affirmative answers during County Court's inquiry neither cast doubt on his guilt nor otherwise suggest that his plea was not voluntary (*see People v Mason*, 66 AD3d 1225, 1227 [2009]; *People v Pringle*, 10 AD3d 802, 803 [2004]). Further, defendant's claim that County Court failed to uphold its promise to consider possible drug programs is not born out by the record (*see People v Oliver*, 26 AD3d 675, 676 [2006], *lv denied* 7 NY3d 760 [2006]).

Despite defendant's valid waiver of the right to appeal, we will review his allegations that he received the ineffective assistance of counsel insofar as they implicate the voluntariness of his plea (*see People v Walley*, 63 AD3d 1284, 1285 [2009]; *People v Gilmour*, 61 AD3d 1122, 1124 [2009], *lv denied* 12 NY3d 925 [2009]). It is clear, however, that counsel negotiated an advantageous plea to a single, reduced charge that significantly limited defendant's sentencing exposure. In addition, defendant unequivocally expressed in the plea colloquy that he understood the terms of the plea agreement, including the agreed-upon

range of possible terms of imprisonment, and that the court promised only to consider placement in a rehabilitation program. Further, there is nothing in the record to support defendant's present contention that counsel failed to pursue the defense of agency. Inasmuch as the record casts no doubt on the effectiveness of counsel, defendant has been afforded meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]).

Further, defendant's challenge to the sufficiency of the indictment has been forfeited by his plea, and he has failed to allege a jurisdictional defect (*see People v Champion*, 20 AD3d 772, 773-774 [2005]). Finally, his contention that his sentence was harsh and excessive is precluded by his valid waiver of the right to appeal (*see People v Walley*, 63 AD3d at 1286; *People v Lopez*, 52 AD3d 852, 853 [2008]).

Mercure, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment and the order are affirmed.