■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. AUDETTE, Appellant. [969 NYS2d 232]—Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered November 7, 2011, convicting defendant upon his plea of guilty of the crimes of disseminating indecent material to a minor in the second degree and failure to register an Internet account or identifier under the Sex Offender Registration Act.

Defendant, a registered sex offender, waived indictment and agreed to be prosecuted by a superior court information charging him with the crimes of disseminating indecent material to a minor in the second degree and failure to register an Internet account or identifier under the Sex Offender Registration Act. He pleaded guilty to these charges and waived his right to appeal orally and in writing. Defendant was thereafter sentenced, in accordance with the plea agreement, to an aggregate prison term of 1½ to 3 years.

Defendant's sole contention on appeal is that his sentence is harsh and excessive. Initially, to the extent that defendant's recitation of the underlying facts in his brief implies an additional

claim that his guilty plea was not knowing or voluntary, we note that, while such a contention would not be precluded by defendant's waiver of the right to appeal, it was not preserved for our review inasmuch as the record does not reveal that he made a motion to withdraw his plea or to vacate the judgment of conviction (*see People v McGowan*, 98 AD3d 1192, 1192 [2012]; *People v Dixon*, 66 AD3d 1237, 1237 [2009], *lv denied* 13 NY3d 906 [2009]). Moreover, the narrow exception to the preservation requirement is inapplicable inasmuch as defendant made no statements inconsistent with his guilt or which called into question the voluntariness of his plea (*see People v Secore*, 102 AD3d 1059, 1060 [2013]; *People v Scribner*, 77 AD3d 1022, 1023 [2010], *lv denied* 16 NY3d 746 [2011]).

Finally, on the harsh and excessive issue, defendant is "precluded from raising this claim given his valid waiver of the right to appeal" (*People v Cano*, 93 AD3d 994, 994 [2012], *lv denied* 19 NY3d 995 [2012]; *see People v Lewis*, 95 AD3d 1442, 1443 [2012], *lv denied* 19 NY3d 998 [2012]). Accordingly, we find no basis to disturb the judgment of conviction.

Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.