Egan Jr., J.
In full satisfaction of two indictments, two divestitures and several uncharged crimes, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. Defendant thereafter was sentenced to the agreed-upon prison term of seven years, to be followed by five years of postrelease supervision, and was ordered to pay restitution. Defendant now appeals.
We affirm. Although defendant’s challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal (see People v Dame, 100 AD3d 1032, 1033 [2012], lv denied 21 NY3d 1003 [2013]), this issue is not preserved for our review, as the record before us fails to reflect that defendant moved to withdraw his plea or vacate the judgment of conviction (see People v Williams, 101 AD3d 1174, 1174 [2012]; People v Leszczynski, 96 AD3d 1162, 1162 [2012], lv denied 19 NY3d 998 [2012]). Moreover, the narrow exception to the preservation rule is inapplicable here, as defendant did not make any statements during the plea allocution that were inconsistent with his guilt or negated an essential element of the crime to which he pleaded guilty (see People v Santana, 95 AD3d 1503, 1504 [2012]). Similarly, to the extent that defendant argues that he was denied the effective assistance of counsel (and assuming such claim impacts the voluntariness of his plea), defendant’s claim survives his appeal waiver but also is unpreserved in the absence of an appropriate postallocution motion (see People v Lazore, 102 AD3d 1017, 1017-1018 [2013]; People v Walton, 101 *1119 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]). Finally, any challenge to the factual sufficiency of the indictment was forfeited by defendant’s guilty plea (see People v Cruz, 104 AD3d 1022, 1024 [2013]).
Lahtinen, J.P., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.