McCarthy, J.E
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 22, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree (two counts).
Defendant pleaded guilty to two counts of criminal possession *997 of a forged instrument in the second degree in full satisfaction of an indictment that charged him with eight counts of that crime. The terms of the plea agreement included an oral and written waiver of appeal and a commitment of a sentence not exceeding prison terms of IV2 to 4V2 years on each count, to run consecutively. County Court thereafter sentenced defendant to consecutive prison terms of 1 to 3 years, and defendant appeals.
To the extent that defendant challenges the validity of his waiver of appeal, this argument is without merit. County Court distinguished the right to appeal from the rights automatically forfeited upon a guilty plea and defendant stated that he understood and was voluntarily relinquishing this right and he then executed a written waiver of appeal (see People v Chaney, 70 AD3d 1251, 1252 [2010], lv denied 15 NY3d 748 [2010]). Turning to defendant’s challenge to the voluntariness of his plea, while not precluded by the waiver of his right to appeal, the record does not reflect that this argument was preserved by an appropriate motion to withdraw the plea or vacate the judgment of conviction (see People v McGowan, 98 AD3d 1192, 1192 [2012]; People v Angus, 303 AD2d 829, 829 [2003], lv denied 100 NY2d 536 [2003]). The narrow exception to the preservation rule is not implicated here, as nothing in the plea colloquy casts doubt upon defendant’s guilt (see People v Audette, 108 AD3d 943, 944 [2013]; People v Ward, 2 AD3d 1219, 1219 [2003], lv denied 2 NY3d 808 [2004]). Defendant’s argument that the sentence imposed is harsh and excessive is foreclosed by his valid waiver of the right to appeal (see People v Audette, 108 AD3d at 944; People v Chaney, 70 AD3d at 1253).
Garry, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.