Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  July 31, 2014                    105604
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DAVID E. BARNES,
                        Appellant.
_____

Calendar Date:  June 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                    _____


        George P. Ferro, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Steven M. Sharp
of counsel), for respondent.

                    _____


Stein, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered July 27, 2012, convicting defendant upon
his plea of guilty of the crimes of offering a false instrument
for filing in the first degree, driving while intoxicated and
aggravated unlicensed operation of a motor vehicle in the second
degree.

        Pursuant to a negotiated plea agreement, defendant waived
indictment and pleaded guilty to offering a false instrument for
filing in the first degree, as charged in a superior court
information.  During the plea colloquy, defendant admitted that
he had knowingly submitted a false statement to the Department of
Motor Vehicles.  Defendant concomitantly entered a guilty plea to
two misdemeanor charges in satisfaction of a pending indictment,

and waived his right to appeal.  In exchange, he was promised a sentence of time served followed by five years of probation, so long as he abided by the terms of the plea agreement.  After defendant violated the plea agreement by not cooperating with the Probation Department and failing to appear at the scheduled violation hearing, County Court, among other things, imposed various terms of imprisonment, the longest of which was 1 to 3 years.  Defendant now appeals.

We affirm.  Defendant argues that his guilty plea should be vacated because it was not knowing or voluntary.  While this challenge to the voluntariness of the plea may be raised notwithstanding his uncontested appeal waiver (see People v Seaberg, 74 NY2d 1, 11 [1989]; People v Moses, 110 AD3d 1118, 1118 [2013]), it was not preserved for appellate review by a motion to withdraw his guilty plea (see People v Watson, 115 AD3d 1016, 1017 [2014]).  We are not persuaded by defendant's central contention that his statements during the plea colloquy cast doubt on his guilt or on the voluntariness of his guilty plea so as to implicate the exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Newton, 113 AD3d 1000, 1001 [2014]; People v Wilson, 101 AD3d 1248, 1249 [2012]).  Rather, the record reflects that County Court conducted a thorough inquiry in which it explained the complete terms of the plea agreement, the trial-related rights that defendant would be forgoing and the consequences of a guilty plea, and afforded defendant an opportunity to confer with counsel, and defendant repeatedly elicited that he understood the proceedings as they progressed and had sufficient time to discuss the matter with counsel.  Defendant unequivocally admitted both the conduct underlying the charges and that he was pleading guilty because he was, in fact, guilty, and freely entered a guilty plea as to each charge.  Therefore, defendant's challenge to the plea is unavailing.

Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court