*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 4, 2014                    105482
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

         v                                    MEMORANDUM AND ORDER

JAMES WAITE JR.,
                        Appellant.
_____


Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____


        Erin C. Morigerato, Albany, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____


Egan Jr., J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered September 24, 2012, convicting
defendant upon his plea of guilty of the crime of criminal
possession of marihuana in the second degree.

        In full satisfaction of an indictment and other uncharged
crimes, defendant pleaded guilty to criminal possession of
marihuana in the second degree and waived his right to appeal.
County Court thereafter sentenced defendant to two years in
prison, followed by one year of postrelease supervision, to be
served concurrently with the sentence defendant already was
serving.  Defendant now appeals.

We affirm.  Defendant's challenge to the validity of his appeal waiver is without merit.  Our review of the plea colloquy and the written waiver executed by defendant reveals that he was apprised of and understood the rights he was relinquishing, including the right to appeal his sentence.  Accordingly, we conclude that defendant's waiver was knowing, intelligent and voluntary (see People v Newton, 113 AD3d 1000, 1000-1001 [2014], lvs denied ___ NY3d ___ [July 15, 2014]; People v Smith, 112 AD3d 1232, 1232 [2013], lv denied 22 NY3d 1203 [2014]).  Although defendant's challenge to the voluntariness of his plea survives his appeal waiver, it is unpreserved for our review, inasmuch as the record does not reflect that defendant made an appropriate postallocution motion (see People v Trombley, 115 AD3d 1114, 1114 [2014]).  Further, the narrow exception to the preservation rule was not implicated, as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]; People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]).  Finally, defendant's contention that his sentence is harsh and excessive is precluded by his valid appeal waiver (see People v Campbell, 114 AD3d 996, 997 [2014]; People v Graves, 113 AD3d 998, 999 [2014], lv denied ___ NY3d ___ [July 14, 2014]).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:



Robert D. Mayberger
Clerk of the Court