*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    105427
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RAQUAN BANKS,
                        Appellant.
_____

Calendar Date:  October 15, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Bruce Evans Knoll, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter
Willis of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the Supreme Court (Teresi, J.),
entered July 25, 2012 in Schenectady County, convicting defendant
upon his plea of guilty of the crime of manslaughter in the first
degree.

        Defendant was charged in an indictment with numerous
counts, including two counts of murder in the second degree,
after firing a handgun into a crowd of people and killing a man
in May 2008.  After his incarceration on those charges, he was
charged in a second indictment with two counts of robbery in the
second degree and two counts of assault in the second degree in
connection with a 2011 incident at the Schenectady County
Correctional Facility.  Following the denial of his motion to
suppress both identification evidence and various statements that

he made to police, defendant pleaded guilty to manslaughter in the first degree in satisfaction of the first indictment and robbery in the second degree in satisfaction of the second indictment, and waived his right to appeal. Supreme Court informed defendant that it intended to sentence him to a determinate prison term between 20 to 24 years on the manslaughter charge, and five years in prison on the robbery charge, to run concurrently and to be followed by five years of postrelease supervision.

Thereafter, defendant moved to vacate his plea to robbery in the second degree on the ground that, among other things, his allocution was insufficient. The People did not oppose the motion, conceded that the allocution did not sufficiently address the elements of robbery, and indicated that they were willing to accept defendant's plea to manslaughter in the first degree in full satisfaction of both indictments. County Court then granted defendant's motion, dismissed the second indictment setting forth the robbery charges, sentenced him to 24 years in prison to be followed by five years of postrelease supervision, and imposed restitution. Defendant appeals, and we affirm.

Initially, we reject defendant's argument that his plea of guilty to manslaughter in the first degree was not knowingly, voluntarily and intelligently made. As defendant concedes, this issue is unpreserved for our review, because he did not challenge his plea to the charge of manslaughter by appropriate postallocution motion (see People v Barnes, 119 AD3d 1290, 1290-1291 [2014]; People v McGregor, 119 AD3d 1235, 1236 [2014]). Contrary to his further contentions, the narrow exception to the preservation requirement is inapplicable here, because defendant's statements during the plea colloquy did not call into question either his guilt or the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Barnes, 119 AD3d at 1291). Although at one point defendant made statements indicating that he might not understand the nature of the charge against him, Supreme Court made adequate further inquiry to establish that defendant was knowingly admitting to the elements of manslaughter in the first degree — i.e., that "with intent to cause serious physical injury to another person, he cause[d] the death of . . . a third person" (Penal Law § 125.20 [1]; see

People v Ramos, 19 NY3d 133, 136-137 [2012]) — because he was, in fact, guilty (see People v Lopez, 71 NY2d at 667-668).  Moreover, we are unpersuaded that his plea to the manslaughter charge was rendered involuntary when the People consented to his request to withdraw his plea to the charge of robbery in the second degree and indicated their willingness to accept his plea to manslaughter in satisfaction of both indictments.  The second indictment charging robbery was not dismissed until the time of sentencing, and there is no merit to defendant's contention that he was somehow misled regarding the maximum sentence that he could have faced upon going to trial, as opposed to pleading guilty to manslaughter in the first degree.

Finally, defendant's valid waiver of the right to appeal precludes his assertion that his sentence was harsh and excessive (see People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied ___ NY3d ___ [Sept. 30, 2014]; see also People v Lyman, 119 AD3d 968, 970 [2014]).

Peters, P.J., Stein, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court