*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                    105016
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                   MEMORANDUM AND ORDER

FRANCIS D. SPELLICY,
                        Appellant.
_____


Calendar Date:  October 10, 2014

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                        _____


        Joseph Nalli, Fort Plain, for appellant, and appellant
pro se.

        Louise K. Sira, District Attorney, Johnstown (James P.
Riley of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Fulton County
(Giardano, J.), rendered July 27, 2011, convicting defendant upon
his plea of guilty of the crime of attempted burglary in the
second degree.

        In December 2010, in satisfaction of a five-count
indictment, defendant pleaded guilty to burglary in the second
degree and waived his right to appeal.  He later successfully
moved to vacate the plea and new counsel was appointed.  In July
2011, in satisfaction of all charges against him, defendant
pleaded guilty to attempted burglary in the second degree and
waived his right to appeal.  The charges stemmed from a May 2010
incident where he, among other things, entered a residence

without the permission of the owner with the intent to commit a crime.  He was sentenced, as agreed, to a two-year prison term with 1½ years of postrelease supervision.  Defendant now appeals.

We affirm.  Initially, we are unpersuaded by defendant's challenge to the validity of his appeal waiver.  "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256 [2006] [citation omitted]).  "An appellate waiver meets this standard when a defendant has 'a full appreciation of the consequences' of such waiver" (People v Bradshaw, 18 NY3d 257, 264 [2011], quoting People v Seaberg, 74 NY2d 1, 11 [1989]).  "To that end, a defendant must comprehend that an appeal waiver 'is separate and distinct from those rights automatically forfeited upon a plea of guilty'" (People v Bradshaw, 18 NY3d at 264, quoting People v Lopez, 6 NY3d at 256).  Here, the record confirms that County Court advised defendant with regard to the nature of the rights he was waiving as part of the appeal waiver and that the appeal waiver was separate from those rights he forfeited by his guilty plea.  In fact, the court asked him to explain the appeal waiver, and defendant confirmed that it meant that he would not "be able to come back and make any issues about defenses or problems or [that he did not] understand or anything like that."  Defendant asked to, and did, execute a written appeal waiver in open court that included this information and reinforced that he was aware of the consequences of the waiver before confirming that he had an opportunity to review the appeal waiver with his attorney.  In our view, his argument that he felt forced to waive his right to appeal is, therefore, belied by the record (see People v Miner, 120 AD3d 1449, 1450 [2014]; People v Long, 117 AD3d 1326, 1326 [2014], lv denied ___ NY3d ___ [Oct. 10, 2014]).

Defendant also argues that his guilty plea should be vacated because it was not knowing or voluntary.  While the voluntariness of a plea may be challenged where there is an appeal waiver (see People v Barnes, 119 AD3d 1290, 1290-1291 [2014]), here, the claim is not preserved for appellate review because defendant did not make an appropriate postallocution motion (see id. at 1291; People v Smith, 119 AD3d 1088, 1089 [2014]).  Contrary to defendant's argument, we do not believe the

record casts doubt on the voluntariness of his plea so as to warrant application of the "rare" exception to the preservation requirement (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013]). Rather, the record confirms that defendant directed his attorney to seek the plea, County Court explained and confirmed that defendant understood the terms and consequences of the plea, and defendant admitted that he engaged in the charged conduct (see People v Barnes, 119 AD3d at 1291; People v Wasley, 119 AD3d 1216, 1217 [2014]). Although the court had rejected defendant's attempt to plea in June 2011, we do not believe that his prior refusal to admit guilt invalidates the instant plea to a reduced charge (see People v Wasley, 119 AD3d at 1217). In our view, the record confirms that defendant was especially conscious of the consequences of his plea as compared to going to trial, and we note that he successfully obtained the violent felony override (see 7 NYCRR 1900.4 [c]), a request that County Court had previously denied.

Finally, defendant's challenge to County Court's denial of his suppression motion ruling is precluded by the valid appeal waiver (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Colon, 101 AD3d 1161, 1161 [2012], lv denied 21 NY3d 1003 [2013]; People v Junior, 97 AD3d 984, 984-985 [2012], lv denied 19 NY3d 1103 [2012]), and we decline defendant's request to take corrective action in the interest of justice.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court