*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                     105467
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

THOMAS F. KORMOS JR.,
                    Appellant.
_____


Calendar Date:  January 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                     _____


        Linda B. Johnson, West Sand Lake, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Peter N. DeLucia of counsel), for respondent.

                     _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered September 13, 2012, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

        Defendant was charged in a five-count indictment with, among other things, attempted murder in the second degree.  The charges stemmed from a March 2011 incident wherein defendant tied his wife to a bed, stuffed a sock in her throat and repeatedly beat her.  Following the denial of defendant's motion to suppress certain evidence and statements made by him to the police, the matter proceeded to trial.  During the course of jury selection, however, defendant elected to plead guilty — in full satisfaction of both the underlying and another indictment — to attempted

assault in the first degree and waived his right to appeal.
Defendant thereafter was sentenced as a second violent felony
offender to the agreed-upon prison term of 10 years followed by
five years of postrelease supervision.  This appeal by defendant
ensued.

We affirm.  The record reveals that County Court
sufficiently explained the separate nature of the waiver of the
right to appeal; additionally, following discussions with
counsel, defendant executed a written waiver to that effect and
confirmed his understanding thereof.  Accordingly, we are
satisfied that defendant's waiver of his right to appeal was
knowing, intelligent and voluntary (see People v Newton, 113 AD3d
1000, 1000-1001 [2014], lvs denied 23 NY3d 1039, 1041 [2014]).
Notably, defendant's valid waiver precludes any challenge to
County Court's suppression rulings (see People v Easter, 122 AD3d
1073, 1074 [2014]; People v Guyette, 121 AD3d 1430, 1431 [2014];
People v Lewis, 118 AD3d 1125, 1125 [2014], lv denied 24 NY3d
1003 [2014]).

Although defendant's challenge to the voluntariness of his
plea survives his waiver of the right to appeal, this issue is
unpreserved for our review in the absence of an appropriate
postallocution motion (see People v Smith, 121 AD3d 1131, 1132
[2014], lv denied ___ NY3d ___ [Jan. 13, 2015]; People v Waite,
120 AD3d 1446, 1447 [2014]).  The narrow exception to the
preservation requirement was not triggered here, as defendant did
not make any statements during the plea colloquy that cast doubt
upon his guilt or otherwise called into question the
voluntariness of his plea (see People v Banks, 122 AD3d 953, 953-
954 [2014]; People v Barnes, 119 AD3d 1290, 1291 [2014]), and we
find defendant's claim of coercion to be unpersuasive.

As for defendant's ineffective assistance of counsel claim,
"[d]efendant's challenges to counsel's motion practice and
discovery efforts were forfeited by his guilty plea" (People v
Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914
[2013]).  To the extent that the balance of defendant's
ineffective assistance of counsel claim impacts upon the
voluntariness of his plea and, hence, survives his valid appeal
waiver, such claim is unpreserved for our review in the absence

of an appropriate postallocution motion (see People v Guyette, 121 AD3d at 1431-1432; People v Newton, 113 AD3d at 1000-1001), and reversal in the interest of justice is not warranted (see People v Gantt, 84 AD3d 1642, 1643 [2011], lv denied 18 NY3d 858 [2011]).  Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court