Lynch, J.
Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered June 9, 2014, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
Defendant pleaded guilty to criminal contempt in the first degree and waived his right to appeal. He was thereafter sentenced, as a second felony offender, to ls/4 to 3V2 years in prison, to be served concurrently with a sentence that he was already serving. Defendant now appeals.
Initially, our review of the record leads us to conclude that defendant did not knowingly, intelligently and voluntarily waive the right to appeal. When an appeal waiver is challenged, the operative question is whether the trial court has confirmed on the record that the defendant understands the terms and conditions of his or her plea agreement (see People v Sanders, 25 NY3d 337, 340 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]). A review of the plea allocution here shows that County Court was the first to raise an appeal waiver as a condition of the plea, and then gave the following explanation: “Now, it doesn’t matter whether guilt is a result of a plea of guilty or a jury verdict. Either way you have a right to appeal. And the appeal would go to a higher court called the Appellate Division. These are five judges that sit together in Albany. They review the record of what happened here. If they find any mistakes were made or any of your rights violated they could vacate the conviction, reduce or throw out the sentence, or send everything back to me and have me do it all over again from the top. So you understand all of that?” Defendant simply responded “yes” and nothing more was said about the appeal waiver.
The flaw here is that while County Court clearly explained the right to appeal, it failed to come back around to the point that defendant was actually waiving that distinct right. From his one-word response, we are left uncertain as to whether defendant understood the right to appeal or the plea requirement that he was waiving that right. Nor did the court inquire of defendant as to whether he discussed the waiver with counsel, who stood by without comment (see People v Phipps, 127 AD3d *1390 1500, 1501 [2015]). This deficiency in the record was not cured when defendant was asked to sign an appeal waiver later that same day at sentencing, for the court engaged in no substantive discussion with defendant or his attorney as to whether defendant comprehended the waiver. Finally, there is no explanation in the written waiver that “the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Lopez, 6 NY3d at 256). As such, we conclude that the appeal waiver is invalid. That being said, defendant’s challenge to the voluntariness of his plea due to the asserted ineffective assistance of counsel attendant the appeal waiver was not preserved by a postallocution motion to withdraw his plea, and nothing was said during the plea colloquy to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Ortiz, 127 AD3d 1416, 1417 [2015]). Accordingly, we affirm the judgment of conviction.
McCarthy, J.P., and Clark, J., concur.