## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 2, 2015                    105978
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

BOBBY T. JENKINS,
                        Appellant.
_____

Calendar Date:  May 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Devine, JJ.

_____

        Linda B. Johnson, West Sand Lake, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (John R.
Thweatt of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered April 12, 2013, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the third degree.

        In satisfaction of a six-count indictment related to the
sale and possession of cocaine on three occasions, defendant
pleaded guilty to one count of criminal sale of a controlled
substance in the third degree.  He was sentenced, as an admitted
second felony offender, to the agreed-upon prison term of four
years with three years of postrelease supervision.  Defendant now
appeals.

We affirm. Defendant's contention that he did not receive the effective assistance of counsel is not preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Moses, 110 AD3d 1118, 1118 [2013]). In any event, "[i]t is well settled that in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Wares, 124 AD3d 1079, 1080 [2015] [internal quotation marks and citation omitted], lv denied 25 NY3d 993 [2015]). Counsel pursued appropriate pretrial motions and discovery, and ensured that the controlled substance lab reports, which reflected that the substances tested positive for the presence of cocaine, were received before proceeding with the plea agreement. Were this issue properly before us, we would find that the record reflects that defendant received meaningful representation (see id.). Any challenge to counsel's preplea motion practice or discovery efforts was forfeited by defendant's guilty plea (see People v Hansen, 95 NY2d 227, 230-231 [2000]; People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]). Finally, to the extent that defendant makes arguments addressed to matters outside the record, such as what counsel investigated, they are more properly raised in a motion to vacate pursuant to CPL article 440 (see People v Brown, 125 AD3d 1049, 1050 [2015]).

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court