## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 10, 2015          105960
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                    Respondent,

     v                          MEMORANDUM AND ORDER

BRANDON GRIFFIN,
                    Appellant.
_____

Calendar Date: October 23, 2015

Before: McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

     Theodore J. Stein, Woodstock, for appellant, and appellant pro se.

     D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

_____

Egan Jr., J.

     Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 17, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

     Defendant was indicted and charged with one count of criminal possession of a controlled substance in the third degree. The charge stemmed from a controlled buy that occurred in the City of Kingston, Ulster County on September 11, 2012, during the course of which defendant allegedly was found to be in possession of 110 glassine envelopes of a substance that field tested positive for heroin. When the parties appeared before County Court in February 2013 for a suppression hearing and jury

selection, defense counsel indicated that, despite having rejected prior offers, defendant was interested in accepting a plea. Following an extensive colloquy with County Court, defendant pleaded guilty to the sole count of the indictment[1] and waived his right to appeal in exchange for a sentence of nine years in prison followed by three years of postrelease supervision. Defendant's subsequent pro se motion to withdraw his plea was denied, and County Court thereafter sentenced defendant in accordance with the terms of the plea agreement. Defendant now appeals, contending that the waiver of his right to appeal was not knowing, intelligent and voluntary and that he was denied the effective assistance of counsel.

We affirm. "When an appeal waiver is challenged, the operative question is whether the trial court has confirmed on the record that the defendant understands the terms and conditions of his or her plea agreement" (People v Pope, 129 AD3d 1389, 1389 [2015] [citations omitted]). To that end, the court is "not obliged to engage in any particular litany or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver" (People v Smith, 121 AD3d 1131, 1131 [2014], lv denied 24 NY3d 1123 [2015] [internal quotation marks and citations omitted]). As long as the record reflects "that there was some judicial examination of the waiver itself" (People v McCaskill, 76 AD3d 751, 752 [2010] [internal quotation marks and citation omitted]) and that the defendant had "a full appreciation of the consequences of such waiver" (People v Spellicy, 123 AD3d 1228, 1229 [2014], lv denied 25 NY3d 992 [2015] [internal quotation marks and citations omitted]), the challenged waiver may be upheld.

---

[1] Although the cover sheet of the indictment contains references to crimes with which defendant was not charged and County Court mistakenly inquired as to whether defendant was pleading guilty to criminal possession of a controlled substance in the first degree, it is otherwise clear from the record that defendant was charged with and pleaded guilty to one count of criminal possession of a controlled substance in the third degree.

Here, although County Court should have more clearly distinguished defendant's right to appeal from the remainder of the rights that defendant forfeited upon pleading guilty, the record nonetheless reflects that County Court reviewed the waiver with defendant and obtained the required assurances that defendant fully appreciated the appellate rights that he was waiving (see People v Waite, 120 AD3d 1446, 1447 [2014]; People v Sylvan, 107 AD3d 1044, 1045 [2013], lv denied 22 NY3d 1141 [2014]). Notably, during the course of the colloquy between County Court and defendant, defendant — evidencing his knowledge of the criminal justice system — inquired as to whether the waiver encompassed only those issues that could be raised upon a "direct appeal" or extended to CPL article 440 motions and habeas corpus proceedings as well. Following additional discussions with County Court, defendant indicated that he had no further questions and, when County Court urged defendant to pose any inquiries that he may have to counsel prior to proceeding, defendant replied, "I'm fine." Defendant was presented with a copy of the detailed written waiver of appeal, which was amended to address defendant's concern regarding his right to pursue certain postplea applications, and was questioned as to his understanding thereof. Again, defendant indicated that he understood everything that had been discussed. Defendant then executed the written waiver — the text of which expressly delineated the separate and distinct nature of defendant's appellate rights and confirmed that defendant had been afforded "ample opportunity to discuss such rights and [the] waiver with [his] attorney and to address and ask questions of [County] Court regarding them." Under these circumstances, we are satisfied that the record reflects that defendant's waiver of his right to appeal his conviction and sentence was knowing, intelligent and voluntary (see People v Tole, 119 AD3d 982, 982-983 [2014]; People v Henion, 110 AD3d 1349, 1350 [2013], lv denied 22 NY3d 1088 [2014]; People v White, 96 AD3d 1299, 1299-1300 [2012], lv denied 19 NY3d 1029 [2012]; compare People v Pope, 129 AD3d at 1389-1390; People v Ritter, 124 AD3d 1133, 1134 [2015]; People v Bouton, 107 AD3d 1035, 1036 [2013], lv denied 21 NY3d 1072 [2013]).

As to defendant's claim of ineffective assistance of counsel, certain of the arguments raised by defendant in this

regard — including his assertion that defense counsel failed to conduct an adequate pretrial investigation (see People v Bahr, 96 AD3d 1165, 1166 [2012], lv denied 19 NY3d 1024 [2012]), seek out and interview alibi witnesses (see People v Varmette, 70 AD3d 1167, 1172 [2010], lv denied 14 NY3d 845 [2010]), pursue certain discovery demands and/or available defenses (see People v Davis, 114 AD3d 1003, 1003 [2014], lv denied 23 NY3d 962 [2014]), seek sanctions for alleged prosecutorial misconduct (cf. People v Jones, 101 AD3d 1482, 1483 [2012], lv denied 21 NY3d 1017 [2013]) and explain the collateral consequences of his plea (cf. People v Balbuena, 123 AD3d 1384, 1386 [2014]) — involve matters outside of the record and, as such, are more properly the subject of a CPL article 440 motion. To the extent that the balance of defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives the valid appeal waiver but must be preserved by an appropriate postallocution motion (see e.g. People v Moses, 110 AD3d 1118, 1118 [2013]). In this regard, the record reflects that defendant made a pro se motion to withdraw his plea claiming, insofar as is relevant here, that counsel's performance was deficient in that she conspired with the People to procure an "excessive sentence," failed to adopt four of defendant's five pro se motions and neglected to advocate for and secure a favorable plea deal. Accordingly, the additional grounds now advanced by defendant in his pro se brief — including his assertions that counsel failed to bring certain pretrial motions, neglected to correct inaccurate information relative to defendant's criminal history and failed to object to County Court's alleged bias — are unpreserved for our review, as defendant did not advance these specific grounds in his motion to withdraw his plea (see People v Delarosa, 104 AD3d 956, 956 [2013], lv denied 21 NY3d 1003 [2013]; People v Escalante, 16 AD3d 984, 984-985 [2005], lvs denied 5 NY3d 788, 793 [2005]).

In any event, "[d]efense counsel was not required to support defendant's various pro se motions" (People v Blackwell, 129 AD3d 1690, 1691 [2015], lv denied 26 NY3d 926 [2015]; see People v Jones, 261 AD2d 920, 920 [1999], lv denied 93 NY2d 972 [1999]; see also People v Adams, 66 AD3d 1355, 1356 [2009], lv denied 13 NY3d 858 [2009]), and "the failure to make a particular pretrial motion does not — per se — constitute ineffective

assistance of counsel" (<u>People v Alnutt</u>, 107 AD3d 1139, 1145 [2013], <u>lv denied</u> 22 NY3d 1136 [2014]; <u>see</u> <u>People v Carbone</u>, 101 AD3d 1232, 1235 [2012]). Additionally, counsel did endeavor to clarify and correct certain information contained in the presentence investigation report (<u>see</u> <u>People v Orengo</u>, 286 AD2d 344, 344-345 [2001], <u>affd</u> 97 NY2d 739 [2002]) and, contrary to defendant's assertion, the record falls far short of establishing any colorable claim of judicial bias, thereby obviating any need for counsel to take corrective action in this regard. The record is similarly bereft of any evidence of a "conspiracy" to subject defendant to an "excessive" sentence. In short, inasmuch as defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (<u>People v Vonneida</u>, 130 AD3d 1322, 1322 [2015] [internal quotation marks and citations omitted]; <u>accord</u> <u>People v Jenkins</u>, 130 AD3d 1091, 1091 [2015]), we are satisfied that defendant was afforded meaningful representation.

Finally, defendant's challenge to the perceived severity of his sentence is precluded by his valid waiver of the right to appeal (<u>see</u> <u>People v Donah</u>, 127 AD3d 1413, 1413 [2015]), and his assertion that County Court should have assigned substitute counsel to represent him is unpreserved for our review. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court