*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                    107021
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

BILLY JOE PAGE,
                        Appellant.
_____


Calendar Date:  February 23, 2016

Before:  Peters, P.J., Egan Jr., Rose and Devine, JJ.
                     _____


        Kelly L. Egan, Rensselaer, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.


                     _____


        Appeal from a judgment of the Supreme Court (Lawliss, J.), entered December 9, 2013 in Clinton County, convicting defendant upon his plea of guilty of the crime of predatory sexual assault against a child.

        Defendant was charged in a 10-count indictment with various crimes as a result of his inappropriate sexual contact with the eight-year-old victim.  In satisfaction thereof, he pleaded guilty to predatory sexual assault against a child and waived his right to appeal both orally and in writing.  In accordance with the plea agreement, he was sentenced to 20 years to life in prison and was ordered to pay the mandatory surcharge and other fees, as well as restitution.  Defendant now appeals.

        Contrary to defendant's initial contention, his waiver of the right to appeal was valid.  Supreme Court explained the right to appeal to defendant, who acknowledged understanding that he

would be expected to waive it.  Defendant was then provided with a detailed written waiver advising him that he had the right to appeal from the conviction and sentence "result[ing] from this plea," but was expected to give it up as a component of the plea agreement and confirmed that he was doing so after discussing the matter with defense counsel.  Defendant executed that written waiver after assuring Supreme Court on the record that he had reviewed it "word for word" with defense counsel, fully understood it and had no questions about it.  The record, therefore, confirms that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Lopez, 6 NY3d 248, 257 [2006]; People v Griffin, 134 AD3d 1228, 1229 [2015]).

Defendant's challenge to the severity of his sentence is precluded by his valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Griffin, 134 AD3d at 1231).  His remaining argument, that Supreme Court erred in failing to defer payment of the mandatory surcharge and fees, is unpreserved due to his failure to request that relief before Supreme Court (see People v Jackson, 129 AD3d 1342, 1342 [2015]; People v Abdus-Samad, 274 AD2d 666, 666-667 [2000], lv denied 95 NY2d 862 [2000]).

Peters, P.J., Egan Jr., Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:



Robert D. Mayberger
Clerk of the Court