People v Shaw (2018 NY Slip Op 00363)





People v Shaw


2018 NY Slip Op 00363


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

108163

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KIMBERLY SHAW, Appellant.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
James R. Farrell, District Attorney, Monticello (Richard K. Caister Jr. of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 9, 2015, (1) convicting defendant upon her plea of guilty of failure to register an Internet account or identifier under the Sex Offender Registration Act, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.
In satisfaction of a multicount indictment, defendant pleaded guilty in November 2012 to one count of sexual abuse in the first degree. Consistent with the terms of the plea agreement, defendant was placed on probation for 10 years in January 2013 — subject to various terms and conditions — one of which required defendant to provide her probation officer with all telephone and Internet service provider records, as well as
written authorization to request such records. Shortly thereafter, defendant was classified as a risk level three sex offender for purposes of the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]).
Insofar as is relevant here, defendant was charged with violating the terms of her probation in January 2015 by having an unregistered cell phone and social media account. While that violation proceeding was pending, defendant also was charged in a superior court information with the crime of failure to register an Internet account or identifier under SORA. Pursuant to a negotiated agreement, which required defendant to waive her right to appeal, defendant pleaded guilty to failure to register an Internet account or identifier under SORA and admitted violating her probation. County Court thereafter revoked defendant's probation and [*2]resentenced her — upon her prior conviction of sexual abuse in the first degree — to 3½ years in prison followed by 10 years of postrelease supervision and to a concurrent prison term of 1 to 3 years upon her conviction of failure to register an Internet account or identifier under SORA. This appeal by defendant ensued.
Defendant primarily contends that her waiver of the right to appeal was not knowing, intelligent and voluntary. We disagree. Nothing on the face of the plea colloquy suggests that defendant's asserted memory lapses or mental health issues impaired her ability to understand the nature of the plea proceeding or the ramifications of her waiver; to the contrary, the record reflects that defendant responded appropriately to County Court's inquiries and assured the court that she understood what was transpiring (see People v Sorey, 55 AD3d 1063, 1064 [2008], lv denied 11 NY3d 930 [2009]; People v Bennett, 30 AD3d 631, 631 [2006], lv denied 7 NY3d 809 [2006]). As to the sufficiency of the waiver itself, defendant was informed that an appeal waiver was a condition of her plea agreement, was advised of its separate and distinct nature and confirmed that she understood and agreed to the waiver (see People v Tulip, 150 AD3d 1564, 1565 [2017]; People v Howe, 150 AD3d 1321, 1322 [2017]). Additionally, defendant and her attorney executed a detailed written appeal waiver in open court (see People v White, 154 AD3d 1012, 1013 [2017]; People v Adams, 153 AD3d 1449, 1450 [2017]). Finally, County Court expressly asked defendant whether she understood the meaning of the word "waiver" and, when defendant responded in the negative, the court elaborated further — following which defendant reaffirmed her desire to go forward with her plea (compare People v Joseph PP., 153 AD3d 970, 971 [2017]). "As defendant's full appreciation of the consequences and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record, we find that [her] waiver of appeal was made knowingly, intelligently and voluntarily" (People v Bateman, 151 AD3d 1482, 1483 [2017] [internal quotation marks and citations omitted]; see People v Griffin, 134 AD3d 1228, 1228-1229 [2015], lv denied 27 NY3d 1132 [2016]).
To the extent that defendant's brief may be read as challenging the voluntariness of her plea, although this argument survives her valid appeal waiver, it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Audette, 108 AD3d 943, 943-944 [2013]). Inasmuch as defendant did not make any statements during the plea colloquy that were inconsistent with her guilt or otherwise called into question the voluntariness of her plea, the narrow exception to the preservation requirement was not implicated (see id. at 944). Accordingly, County Court's judgment is affirmed.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.