People v Link (2018 NY Slip Op 07902)





People v Link


2018 NY Slip Op 07902


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1190 KA 16-02157

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARTHUR C. LINK, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered August 29, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]). Contrary to defendant's contention, the record establishes that he validly waived his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Burdick, 159 AD3d 1444, 1444 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]; People v Farrara, 145 AD3d 1527, 1527 [4th Dept 2016], lv denied 29 NY3d 997 [2017]). Although the better practice is to inform the defendant during the plea colloquy that appellate counsel will be appointed if he or she is indigent (see People v Brown, 122 AD3d 133, 144 [2d Dept 2014], lv denied 24 NY3d 1042 [2014]), County Court's failure "to go into that level of detail did not render the waiver invalid" (People v Pope, 129 AD3d 1389, 1391 [3d Dept 2015] [Devine, J., concurring]; see generally Lopez, 6 NY3d at 257; Brown, 122 AD3d at 145). Defendant's valid waiver of his right to appeal forecloses his challenge to the severity of his sentence (see Lopez, 6 NY3d at 255-256).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court