People v Brassard (2019 NY Slip Op 06823)





People v Brassard


2019 NY Slip Op 06823


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

109840

[*1]The People of the State of New York, Respondent,
v
Shin Ping Brassard, Appellant.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered May 9, 2016, convicting defendant upon her plea of guilty of the crime of sexual abuse in the first degree.
Defendant waived indictment, pleaded guilty to a superior court information charging her with sexual abuse in the first degree and was required to waive the right to appeal. County Court thereafter imposed the agreed-upon prison sentence of seven years, to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, the record reflects that her waiver of the right to appeal was valid. Defendant was advised during the plea colloquy that a waiver of the right to appeal was a condition of the plea agreement. County Court thereafter explained the separate and distinct nature of the waiver, which defendant acknowledged that she understood. Defendant then confirmed that counsel had explained the waiver. Accordingly, we find that defendant knowingly, intelligently and voluntarily waived her right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Peryea, 169 AD3d 1120, 1120 [2019], lv denied 33 NY3d 980 [2019]). Defendant's valid appeal waiver precludes her challenge to the severity of her sentence (see People v Dorsey, 170 AD3d 1325, 1326 [2019], lv denied 33 NY3d 1068 [2019]; People v Moore, 169 AD3d 1110, 1112 [2019], lv denied 33 NY3d 979 [2019]).
To the extent that defendant's claim of ineffective assistance of counsel impacts the voluntariness of her plea, it survives her appeal waiver but is unpreserved for our review, inasmuch as the record does not reflect that she made an appropriate postallocution motion (see People v Danielson, 170 AD3d 1430, 1432 [2019], lv denied 33 NY3d 1030 [2019]; People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]). Although defendant stated during the plea colloquy that she was not satisfied with counsel's representation because counsel had not spent enough time with her discussing her case, County Court then recessed the proceeding to allow defendant to speak further with counsel. Following the recess, the court confirmed with defendant that she had been provided enough time to discuss the matter with counsel, that she understood the ramifications of the plea agreement and that she was satisfied with counsel's representation. Insofar as County Court fulfilled its obligation to inquire further regarding the knowing, intelligent and voluntary nature of defendant's plea, the narrow exception to the preservation requirement is inapplicable (see People v Goodell, 104 AD3d 1026, 1026 [2013], lv denied 22 NY3d 1138 [2014]; People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013]). Defendant's assertions that counsel failed to explore a viable defense and did not pursue certain motions involve matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Retell, 164 AD3d 1501, 1502 [2018]; People v Griffin, 134 AD3d 1228, 1230 [2015], lv denied 27 NY3d 1132 [2016]).
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.