People v Almonte (2020 NY Slip Op 00184)





People v Almonte


2020 NY Slip Op 00184


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

110166

[*1]The People of the State of New York, Respondent,
v
Juan Almonte, Appellant.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Rebecca L. Fox of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered December 5, 2017, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
In September 2017, defendant, a prison inmate, was charged in a two-count indictment with criminal possession of a weapon in the third degree and promoting prison contraband in the first degree. The charges stemmed from his possession of a sharpened toothbrush. Thereafter, pursuant to a plea agreement and in full satisfaction of the charges, and in exchange for a sentencing commitment from County Court, defendant pleaded guilty to promoting prison contraband in the first degree and waived his right to appeal. Consistent with the terms of the plea agreement and that commitment, County Court sentenced defendant to a prison term of 1&frac13; to 4 years. Defendant appeals.
We affirm. Contrary to defendant's contention, the record demonstrates that he knowingly, voluntarily and intelligently waived his right to appeal. After defendant entered his guilty plea, County Court provided a general explanation of the right to appeal and the appellate process, which defendant acknowledged that he understood. The court then explained to defendant that the waiver of the right to appeal was a condition of the plea agreement, and defendant indicated that he understood the terms of the plea agreement and that he wanted to waive his right to appeal (see People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]; People v Peryea, 169 AD3d 1120, 1120 [2019], lv denied 33 NY3d 980 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). Defendant then conferred with counsel and executed a written appeal waiver in open court, which specifically noted that the right to appeal is "separate [and] distinct" from those rights automatically forfeited by the guilty plea, and defendant stated to the court that he read and "fully underst[ood]" the written waiver (see People v Cannelli, 173 AD3d 1567, 1568 [2019]; People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Page, 138 AD3d 1313, 1314 [2016], lv denied 27 NY3d 1154 [2016]). Under these circumstances, we find that defendant's combined oral and written appeal waiver was knowingly, voluntarily and intelligently entered (see People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]; People v Cota, 136 AD3d 1116, 1117 [2016]). In light of the valid waiver, defendant's argument regarding the perceived severity of the agreed-upon sentence is precluded (see People v Freeman, 169 AD3d 1115, 1116 [2019], lv denied 33 NY3d 1069 [2019]; People v Chapman, 168 AD3d 1315, 1316 [2019], lv denied 33 NY3d 1067 [2019]).
Defendant's contention that his plea was not knowing, intelligent and voluntary survives his appeal waiver (see People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Giammichele, 144 AD3d 1320, 1320 [2016], lv denied 28 NY3d 1184 [2017]), but it is unpreserved for our review as there is no indication in the record that defendant made an appropriate postallocution motion despite having ample opportunity to do so (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Dickerson, 168 AD3d 1194, 1194-1195 [2019]; People v Duvall, 157 AD3d 1060, 1061 [2018], lv denied 31 NY3d 1081 [2018]). Further, defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Pastor, 28 NY3d at 1090; People v Quell, 166 AD3d 1388, 1389 [2018], lv denied 33 NY3d 1208 [2019]; People v Horton, 166 AD3d 1226, 1227 [2018]).
Finally, although defendant's claim of ineffective assistance of counsel survives the valid waiver of his right to appeal because it impacts the voluntariness of his plea (see People v Danielson, 170 AD3d 1430, 1432 [2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___ [Nov. 4, 2019]; People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]), such challenge is also unpreserved for our review in the absence of an appropriate postallocution motion (see People v Johnson, 170 AD3d at 1275; People v Muller, 166 AD3d 1240, 1241 [2018]; People v Tariq, 166 AD3d 1211, 1211-1212 [2018], lv denied 32 NY3d 1178 [2019]; People v Reap, 163 AD3d 1287, 1289 [2018], lv denied 32 NY3d 1128 [2018]). To the extent that defendant alleges that counsel failed to adequately investigate the case against him and adequately explain the terms of the plea agreement with him, these claims are based upon facts outside the record and are more properly the subject of a CPL article 440 motion (see People v Snare, 174 AD3d 1222, 1223 [2019], lv denied 34 NY3d 984 [2019]; People v Hackett, 167 AD3d 1090, 1095 [2018]; People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]; People v Norton, 164 AD3d 1502, 1503-1504 [2018], lv denied 32 NY3d 1114 [2018]).
Egan Jr., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.