■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ACKERMAN, Appellant. [605 NYS2d 971] —Mahoney, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered April 3, 1992, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

During trial, defendant pleaded guilty to rape in the first degree in full satisfaction of the charges contained in the indictment. Just prior to sentencing, he orally sought to

withdraw the plea on the stated ground that he had subsequently learned of four witnesses who would be willing to testify in his behalf and because he wanted to have a chance to defend himself. County Court denied the request and this appeal ensued.

On appeal, defendant argues, apparently for the first time, that his guilty plea should be vacated because he was under the influence of medication at the time and thus the plea was not knowingly, intelligently or voluntarily made. Because this argument was not advanced below, however, it is not preserved for review (see, e.g., People v Claudio, 64 NY2d 858, 859; People v Pellegrino, 60 NY2d 636; People v Aloisi, 177 AD2d 491). In any event, a review of the plea allocution establishes that defendant's plea was valid. While he indicated to County Court that he had taken Sinequan that day, a drug he said he used "to keep my high activity down", the court questioned him concerning this and his ability to understand what was going on. His responses to these questions and to others indicated his faculties to be unimpaired. Accordingly, we see no error in County Court's acceptance of the plea (see, People v Ostrander, 136 AD2d 760). Nor do we discern any abuse of discretion in the court's denial of the application on the stated grounds advanced below (see, CPL 220.60 [3]).

Weiss, P. J., Mercure, Cardona and White, JJ., concur. Ordered that the judgment is affirmed.