(November 10, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE CUNNINGHAM, Appellant. [803 NYS2d 788]—

---

Cardona, P.J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered July 21, 1997, which revoked defendant's probation and imposed a sentence of imprisonment.

In June 1996, defendant was convicted of burglary in the third degree and sentenced to a five-year period of probation. In April 1997, he was charged with violating two conditions of his probation after he failed to successfully complete an alcohol and substance abuse treatment program and was arrested for second degree rape, second degree sodomy and endangering the welfare of a child. A fact-finding hearing was subsequently conducted on the violation petition. Because he was convicted in May 1997 of sexual misconduct as a result of the behavior leading to his April 1997 arrest, defendant pleaded guilty to violating the condition of his probation requiring him to remain arrest and conviction free. In return, the prosecution agreed to recommend a sentence of one year in jail. County Court, however, declined to follow the prosecution's recommendation and sentenced him to 1 to 3 years in prison.

Defendant's sole contention on appeal is that his plea was not knowingly, voluntarily or intelligently entered into because he was under the influence of phenobarbital at the time and County Court failed to make an appropriate inquiry to ascertain that he fully understood the proceedings. Initially, we note that insofar as defendant failed to move to withdraw the plea or to vacate the judgment of conviction, he has not preserved his claim for our review (*see People v Sharlow*, 12 AD3d 724, 725 [2004], *lv denied* 4 NY3d 748 [2004]; *People v Keyes*, 300 AD2d 909, 909-910 [2002]). Moreover, the exception to the preservation requirement is not applicable as defendant's factual recitation did not cast significant doubt on his guilt thereby imposing an obligation upon the court to make a further inquiry (*see People v Keyes, supra* at 910; *People v Jaworski*, 296 AD2d 597, 598 [2002]). In any event, defendant's argument is without merit. County Court questioned defendant when he indicated during the plea proceedings that he was taking phenobarbital and he responded that it was prescribed for seizures. Defendant further provided coherent answers to County Court's other questions and stated that he was entering his plea voluntarily and without coercion. Under these circumstances, we conclude that defendant's guilty plea was not affected by his medication (*see People v Fuller*, 245 AD2d 987 [1997], *lv denied* 91 NY2d 941 [1998]; *People v Passero*, 222 AD2d 858, 859 [1995], *lv denied* 88 NY2d 851 [1996]; *People v Ackerman*, 199 AD2d 576 [1993], *lv denied* 83 NY2d 848 [1994]).

Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.