■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY GALAGAN, Appellant. [824 NYS2d 819]—

Cardona, P.J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered September 30, 2005, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant, seated behind the wheel of his illegally parked vehicle, was ordered by a police officer to move. The police officer indicated that after he observed defendant driving, he pulled him over and noticed his blood-shot eyes, slurred speech and the smell of alcohol. Defendant, whose license had been revoked the previous day for an alcohol-related conviction, was arrested after making various admissions and failing four sobriety tests. Thereafter, defendant pleaded guilty to driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. He was sentenced in accordance with the plea agreement to concurrent prison terms of 1 to 3 years.

Defendant's contention that the plea was involuntary because he was under the influence of alcohol at the time he entered the plea is not preserved for our review since he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Cunningham*, 23 AD3d 754, 755 [2005]). Furthermore, the narrow exception to the preservation doctrine is not applicable where, as here, the plea colloquy does not cast significant doubt on defendant's guilt (*see People v Harris*, 308 AD2d 659, 660 [2003]). In any event, were we to consider defendant's contention, we would find it to be without merit. At the time of the plea allocution, County Court noticed the smell of alcohol and appropriately questioned defendant regarding his alcohol consumption. Although defendant admitted to consuming alcohol the night before, he unequivocally stated that he was sober, competent and making a reasoned decision in order to avoid exposure to a lengthier prison sentence. Defendant provided coherent responses to County Court's questions, readily admitted to the elements of the crimes charged and acknowledged that he was voluntarily entering the plea without coercion. The court also confirmed that defendant did not appear impaired. Under these circumstances, we would find no error in the acceptance of defendant's guilty plea (*see People v Cunningham, supra* at 755; *People v Ackerman*, 199 AD2d 576, 577 [1993], *lv denied* 83 NY2d 848 [1994]).

Finally, even if preserved for our review, defendant's remaining contentions, including that the evidence was insufficient for a conviction and that he was a victim of entrapment, were waived by defendant's knowing, voluntary and intelligent plea

of guilty (*see People v Hansen*, 95 NY2d 227, 231-233 [2000]; *People v Cohen*, 186 AD2d 843, 843 [1992]).

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.