# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1425**

**KA 12-00509**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

JULIE A. FULLER, DEFENDANT-APPELLANT.

---

THE GLENNON LAW FIRM, P.C., ROCHESTER (PETER J. GLENNON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 3, 2011. The judgment convicted defendant, upon her plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]), defendant contends that her plea was not knowingly or voluntarily entered because she was under the influence of alcohol at the time of the plea. Although that contention survives defendant's valid waiver of the right to appeal (*see generally People v Seaberg*, 74 NY2d 1, 10; *People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746), and is preserved for our review by defendant's motion to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665), we conclude that it is without merit. Defendant told County Court during the plea colloquy that she had not consumed any drugs or alcohol in the previous 24 hours, and there is nothing in the record to suggest otherwise (*see People v Forshey*, 298 AD2d 962, 963, *lv denied* 99 NY2d 558, *reconsideration denied* 100 NY2d 561; *see also People v Galagan*, 35 AD3d 973, 974; *People v Ackerman*, 199 AD2d 576, 577, *lv denied* 83 NY2d 848). Defendant further contends that she received ineffective assistance of counsel because she informed defense counsel that she was intoxicated and defense counsel failed to advise the court of that fact. That contention, insofar as it survives her guilty plea, is based on matters outside the record and thus is not reviewable on direct appeal (*see People v Davis*, 119 AD3d 1383, 1384, *lv denied* 24 NY3d 960; *People v Bethune*, 21 AD3d 1316, 1316, *lv denied* 6 NY3d 752).

Finally, inasmuch as defendant failed to obtain leave to appeal from the order denying her CPL 440.10 motion, her contentions with respect to the denial of that motion are not properly before us (*see* CPL 450.15 [1]; 460.15; *People v Acosta*, 19 AD3d 1041, 1041, *lv denied* 5 NY3d 803; *People v Brown*, 277 AD2d 987, 987, *lv denied* 96 NY2d 781).

Entered: January 2, 2015                          Frances E. Cafarell
                                                  Clerk of the Court