# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

460

KA 14-01527

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BRIAN L. PATTERSON, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 15, 2011. Defendant was resentenced upon his conviction of assault in the second degree and criminal contempt in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously modified on the law by reducing the period of postrelease supervision to a period of five years and as modified the resentence is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]) and criminal contempt in the first degree (§ 215.51 [c]). We note at the outset that defendant's contention on appeal concerns only the resentence in appeal No. 2, and we therefore dismiss the appeal from the judgment (*see generally People v Scholz*, 125 AD3d 1492, 1492).

As the People correctly concede in appeal No. 2, the resentence is illegal insofar as it imposes a 10-year period of postrelease supervision on defendant as a second felony offender convicted of assault in the second degree (*see* Penal Law § 70.45 [2]). We therefore modify the resentence in appeal No. 2 by reducing the period of postrelease supervision to a period of five years.

Entered: May 1, 2015                        Frances E. Cafarell
                                            Clerk of the Court