■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. BUIE, Appellant. [10 NYS3d 351]—

Egan Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 16, 2013, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, vehicular manslaughter in the second degree and assault in the second degree.

Defendant was charged in two separate indictments with multiple crimes. In full satisfaction of those charges, as well as another pending indictment, he pleaded guilty to burglary in the second degree, vehicular manslaughter in the second degree and assault in the second degree. County Court thereafter sentenced defendant, as a second violent felony offender, to an aggregate prison term of 15 years followed by a period of post-release supervision. Defendant now appeals.

We affirm. Defendant's sole contention on appeal, that his plea was not knowing, intelligent and voluntary because County Court failed to inquire whether defendant was under the influence of drugs or alcohol during the plea allocution, is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (*see People v Galagan*, 35 AD3d 973, 974 [2006]; *People v Bevins*, 27 AD3d 572, 572-573 [2006]; *People v Cunningham*, 23 AD3d 754, 755 [2005]). Moreover, the narrow exception to the preservation requirement was not triggered here, inasmuch as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or called into question the voluntariness of his plea (*see People v Banks*, 122 AD3d 953, 953-954 [2014]; *People v Waite*, 120 AD3d 1446, 1447 [2014]). In any event, the record is devoid of any suggestion that defendant was under the influence of drugs or alcohol at the time of his allocution (*see People v Royster*, 40 AD3d 885, 886-887 [2007], *lv denied* 9 NY3d 881 [2007]). Accordingly, the judgment will not be disturbed.

McCarthy, J.P., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.