The People of the State of New York, Respondent,
against
Gilberto Miranda, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Denise M. Dominguez, J.), rendered June 8, 2015, convicting him, upon his plea of guilty, of one count of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Denise M. Dominguez, J.), rendered June 8, 2015, affirmed.
Defendant's contention that his guilty plea was unknowing and involuntary because the court failed to inquire whether he was under the influence of any drugs at the time of the plea, is unpreserved for our review, since defendant did not move to vacate the judgment of conviction (see CPL §440.10; People v Lopez, 71 NY2d 662, 666 [1988]; People v Galagan, 35 AD3d 973, 974 [2006]). The narrow exception to the preservation rule is not applicable because nothing in the record engenders significant doubt on the knowing or voluntary nature of defendant's guilty plea (see People v Diaz, 112 AD3d 423, 424 [2013], lv denied 23 NY3d 1036 [2014]).
As an alternative holding, we also reject defendant's contention on the merits. The record establishes that defendant's plea was knowing, intelligent and voluntary, and there was nothing in the record to suggest that defendant's ability to make a voluntary decision to plead guilty was impaired in any way by his use of drugs (see People v Rodriguez, 83 AD3d 449 [2011], lv denied 17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9 NY3d 881 [2007). In this regard, defendant was rational and coherent throughout the plea proceedings, capably responded to the questions put to him, and gave no indication of mental impairment which would have alerted the court to the need of a further inquiry (see People v Brooks, 89 AD3d 747 [2011], lv denied 18 NY3d 955 [2012]; see also People v Francis, 38 NY2d 150, 154 [1975]). 
In any event, the only relief defendant requests is a dismissal of the accusatory instrument, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. Since dismissal is not warranted, we affirm on that basis as well (see People v Diaz, 112 AD3d 423, 424 [2013], lv denied 23 NY3d 1036 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 21, 2016