Aarons, J.
 

 Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered October 20, 2015, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
 

 Defendant, a prison inmate, was indicted and charged with criminal possession of a weapon in the third degree and promoting prison contraband in the first degree after a razor-type weapon was found in his possession during his confinement in a detention facility. Pursuant to a plea agreement requiring him to execute a written waiver of appeal, defendant subsequently pleaded guilty to attempted promoting prison contraband in the first degree in full satisfaction of the indictment. Consistent with the terms of the plea agreement, County Court sentenced defendant as a second felony offender to a prison term of IV2 to 3 years. Defendant now appeals.
 

 We affirm. Defendant’s sole contention on appeal is that his guilty plea was not knowing, intelligent and voluntary because County Court failed to inquire whether he was under the influence of drugs or alcohol during the plea allocution. While defendant’s challenge to the voluntariness of his guilty plea survives the unchallenged waiver of appeal (see e.g. People v Dubois, 150 AD3d 1562, 1563 [2017]; People v Davis, 150 AD3d 1396, 1397 [2017]), defendant failed to preserve this claim for our review as the record does not disclose that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Millard, 147 AD3d 1155, 1156 [2017], lv denied 29 NY3d 999 [2017]; People v Buie, 128 AD3d 1281, 1281 [2015]). Moreover, defendant made no statements during the plea allocution that negated an element of the crime or otherwise called into doubt his guilt or the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Beverly, 140 AD3d 1400, 1401 [2016], lv denied 28 NY3d 927 [2016]). Were we to address his claim, we would find that the record is devoid of any suggestion that defendant was under the influence of drugs or alcohol at the time of his allocution and that the plea was therefore knowingly, voluntarily and intelligently entered with the aid of meaningful representation (see People v Millard, 147 AD3d at 1156; People v Buie, 128 AD3d at 1281).
 

 Garry, J.P., Devine, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.