People v Retell (2018 NY Slip Op 05976)





People v Retell


2018 NY Slip Op 05976


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

108816

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SCOTT D. RETELL, Appellant.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered April 29, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Pursuant to a negotiated plea agreement, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted criminal sale of a controlled substance in the third degree. Defendant subsequently waived his right to appeal and pleaded guilty to the charged crime — in full satisfaction of all pending and potentially related charges — with the understanding that he would be sentenced as a second felony offender to a prison term of four years followed by a period of postrelease supervision ranging from 1½ to 3 years. Consistent with the terms of the plea agreement, County Court sentenced defendant to four years in prison followed by three years of postrelease supervision and, at defense counsel's request, recommended defendant for shock incarceration. Defendant now appeals.
We affirm. Although defendant's challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal, this claim is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Conley, 161 AD3d 1486, 1486-1487 [2018]; People v Busch-Scardino, 158 AD3d 988, 988 [2018]; People v Pittman, 157 AD3d 1130, 1131 [2018], lv denied 31 NY3d 1085 [2018]). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v Muller, 159 AD3d 1232, 1232 [2018]; People v Lewis, 143 AD3d 1183, 1185 [2016]), and any assertion that defense counsel failed to pursue certain motions or explore potential defenses implicates matters outside of the record that are best addressed in the context of a CPL article 440 motion (see e.g. People v Cantey, 161 AD3d 1449, 1450-1451 [2018]; People v Pooler, 158 AD3d 935, 936 [2018]). Contrary to defendant's assertion, the [*2]narrow exception to the preservation requirement was not triggered, as he did not make any statements during the plea colloquy that cast doubt upon his guilt, negated an element of the charged crime or otherwise called into question the voluntariness of his plea (see People v Joubert, 155 AD3d 1255, 1256 [2017], lv denied 30 NY3d 1116 [2018]; People v Davis, 150 AD3d 1396, 1397 [2017], lv denied 30 NY3d 1018 [2017]; People v Forest, 141 AD3d 967, 968-969 [2016], lv denied 28 NY3d 1145 [2017]).
Garry, P.J., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the judgment is affirmed.