People v Loiz (2019 NY Slip Op 06240)





People v Loiz


2019 NY Slip Op 06240


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


232 KA 18-00527

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE LOIZ, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSE LOIZ, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 2, 2016. Defendant was resentenced upon his conviction of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the resentence so appealed from is modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to a determinate term of seven years and the period of postrelease supervision to a period of 1½ years, and as modified the resentence is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). In appeal No. 2, defendant appeals from a resentence imposing a determinate term of 12 years' imprisonment and a period of three years' postrelease supervision (PRS) upon that conviction. We note at the outset that defendant's appellate contentions concern only the resentence in appeal No. 2, and we therefore dismiss the appeal from the judgment in appeal No. 1 (see People v Patterson, 128 AD3d 1377, 1377 [4th Dept 2015]).
With respect to appeal No. 2, we agree with defendant that, under the circumstances of this case, the resentence is unduly harsh and severe. We therefore modify the resentence as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to a determinate term of seven years and the period of PRS to a period of 1½ years (see generally CPL 470.15 [6] [b]; CPL 470.20 [6]; Penal Law §§ 60.04 [3]; 70.70 [3] [b] [i]; 70.45 [2] [b]).
Defendant's remaining contention in his main brief is academic. Finally, inasmuch as defendant failed to obtain leave to appeal from the order denying his CPL 440.10 motion, his contentions in the pro se supplemental brief concerning the denial of that motion are not properly before us (see People v Fuller, 124 AD3d 1394, 1395 [4th Dept 2015], lv denied 25 NY3d 989 [2015]).
All concur except Carni and Curran, JJ., who dissent and vote to modify in accordance with the following memorandum: We respectfully disagree with the majority's decision in appeal No. 2 to modify the resentence as a matter of discretion in the interest of justice by reducing defendant's sentence of imprisonment. After police found him in possession of over 35 ounces of cocaine, defendant was indicted on counts of, among other things, criminal possession of a controlled substance in the first and third degrees (Penal Law §§ 220.21 [1]; 220.16 [1]). Defendant pleaded guilty to criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) in full satisfaction of the indictment in exchange for a [*2]sentence that was less than the maximum term of incarceration. Thus, defendant, who faced the risk of multiple felony convictions, obtained a favorable plea bargain that significantly limited his sentencing exposure. We therefore reject defendant's contention that the bargained-for sentence of incarceration is unduly harsh and severe (see generally People v Grucza, 145 AD3d 1505, 1506 [4th Dept 2016]).
We agree with defendant, however, that the period of postrelease supervision should be reduced to 1½ years. Although defendant's contention is unpreserved (see People v Sprague, 82 AD3d 1649, 1649 [4th Dept 2011], lv denied 17 NY3d 801 [2011]), we would nevertheless exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). During the plea proceedings, the original sentencing court promised defendant that it would impose the minimum period of postrelease supervision and, thereafter, imposed an illegal period of postrelease supervision of five years under the belief that this was the minimum allowed. The record reflects that the resentencing court later imposed the maximum legal period of postrelease supervision, i.e., three years, under the mistaken belief that the original sentencing court had also intended to impose the maximum (see Penal Law § 70.45 [2] [d]). We would therefore modify the resentence as a matter of discretion in the interest of justice by reducing the period of postrelease supervision to the minimum period of 1½ years in order to effectuate the sentence promised under the plea agreement (see Penal Law § 70.45 [2] [d]; see generally People v Consilio, 74 AD3d 1809, 1810 [4th Dept 2010], lv denied 19 NY3d 959 [2012]). 
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court