People v Simmons (2020 NY Slip Op 00931)





People v Simmons


2020 NY Slip Op 00931


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


27 KA 17-01096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OTIS SIMMONS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Thomas J. Miller, J.), entered April 10, 2017. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him upon a jury verdict of rape in the first degree, criminal sexual act in the first degree (two counts), aggravated sexual abuse in the third degree, and sexual abuse in the first degree (two counts), and pursuant to CPL 440.30 (1-a) for DNA testing of physical evidence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals by permission of this Court from an order denying without a hearing his motion seeking, pursuant to CPL 440.10 (1) (h), to vacate the judgment convicting him of various sex crimes on the ground of actual innocence and seeking, pursuant to CPL 440.30 (1-a), the performance of DNA testing on a pubic hair that was admitted in evidence at his underlying trial. We affirm.
County Court properly denied without a hearing defendant's motion with respect to DNA testing inasmuch as that issue was previously raised and addressed on the merits on defendant's prior motion seeking the same relief (see CPL 440.10 [3] [b]; People v Simmons, 63 AD3d 1605, 1606 [4th Dept 2009], lv denied 12 NY3d 929 [2009]). In any event, the court also properly denied that part of the motion on the merits because "even if the mitochondrial DNA testing sought by defendant had been performed on the pubic hair, there is no reasonable probability that the verdict would have been more favorable to defendant" (Simmons, 63 AD3d at 1606).
Defendant contends that the court erred in summarily denying his motion with respect to his claim of actual innocence. Although we may refuse to consider the issue because it could have been raised on defendant's prior motions but was not, we nevertheless exercise our discretion to reach the merits (see People v Pett, 148 AD3d 1524, 1524 [4th Dept 2017]; People v Hamilton, 115 AD3d 12, 20-21 [2d Dept 2014]), and we conclude that the court properly denied that part of defendant's motion without a hearing inasmuch as defendant failed to make a prima facie showing of actual innocence warranting a hearing (cf. People v Pottinger, 156 AD3d 1379, 1380-1381 [4th Dept 2017]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court