People v Clarke (2021 NY Slip Op 50020(U))

[*1]

People v Clarke (Keith)

2021 NY Slip Op 50020(U) [70 Misc 3d 134(A)]

Decided on January 15, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan JJ.

19-449

The People of the State of New York,
Respondent, 
against
Keith Clarke, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Michael Gaffey, J., at plea and sentencing; Angela J. Badamo, J., at resentencing),
rendered July 12, 2019, convicting him, upon his plea of guilty, of disorderly conduct, and
imposing sentence.

Per Curiam.
Judgment of conviction (Michael Gaffey, J., at plea and sentencing; Angela J. Badamo, J., at
resentencing), rendered July 12, 2019, affirmed.
Defendant's contention that his guilty plea was not knowing, intelligent and voluntary
because the plea court failed to inquire into whether he was under the influence of drugs or
alcohol at the time of the plea is unpreserved for our review, since he failed to raise the issue
prior to sentencing (see CPL 440.10; People v Lopez, 71 NY2d 662, 665-666
[1988]; People v Buie, 128 AD3d
1281 [2015]). The narrow exception to the preservation rule is not applicable because
nothing in the record casts significant doubt on the knowing or voluntary nature of defendant's
guilty plea (see People v Diaz, 112
AD3d 423 [2013], lv denied 23 NY3d 1036 [2014]).
As an alternative holding, we reject defendant's contention on the merits. In full satisfaction
of a criminal complaint charging three Class A misdemeanors, defendant pled guilty to the added
charge of disorderly conduct, a violation, in exchange for a conditional discharge, the conditions
being that he stay out of trouble for one year and not get rearrested, and complete a substance
abuse treatment program, with a jail alternative if he failed to comply. Defendant personally
confirmed that he was pleading guilty freely and voluntarily, that he had enough time to speak to
his attorney and that he understood that he was giving up his right to a trial, to question the
People's witnesses and to testify on his own behalf. Thus, the record establishes that defendant
entered his plea knowingly, intelligently and voluntarily (see People v Conceicao, 26
NY3d 375, 382-383 [2015]) and there was nothing in the record to suggest that defendant's
ability to make a decision to enter a valid plea was impaired in any way by drugs or alcohol, and
defendant's assertions in this regard rest on speculation (see People v Rodriguez, 83 AD3d 449 [2011], lv denied 17
NY3d 800 [2011]; People v
Royster, 40 AD3d 885 [2007], lv denied 9 [*2]NY3d 881 [2007]).
In any event, the only relief defendant requests is a dismissal of the accusatory instrument,
and he expressly requests that this Court affirm his conviction if it does not grant a dismissal.
Since dismissal is not warranted, we affirm on that basis as well (see People v Conceicao,
26 NY3d at 385 n).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 15, 2021