People v Letizia (2021 NY Slip Op 00659)





People v Letizia


2021 NY Slip Op 00659


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


27 KA 19-01949

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SALVATORE LETIZIA, DEFENDANT-APPELLANT. 






SALVATORE LETIZIA, DEFENDANT-APPELLANT PRO SE. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), dated September 23, 2019. The order, insofar as appealed from, denied that part of the motion of defendant for DNA testing pursuant to CPL 440.30 (1-a). 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order insofar as it denied without a hearing that part of his motion seeking, pursuant to CPL 440.30 (1-a), to have forensic DNA testing performed on a hair recovered from a knife used in the attack underlying defendant's conviction of attempted murder in the second degree (Penal Law
§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant's conviction arose from the beating and stabbing of a victim in his home by defendant and an accomplice (People v Letizia, 159 AD2d 1010, 1011 [4th Dept 1990], lv denied 76 NY2d 738 [1990]). On appeal, we affirmed the judgment convicting defendant of those crimes (id.). At trial, the victim testified that defendant and his accomplice both stabbed the victim using the same knife. A forensic scientist testified that the laboratory collected a "[s]uspected hair" on a knife collected from the scene, but did not perform DNA testing on that hair.
Supreme Court properly denied without a hearing defendant's motion with respect to DNA testing "inasmuch as that issue was previously raised and addressed on the merits on defendant's prior motion seeking the same relief" (People v Simmons, 180 AD3d 1328, 1328 [4th Dept 2020], lv denied 35 NY3d 974 [2020]; see People v Letizia, 141 AD3d 1129, 1130 [4th Dept 2016], lv denied 28 NY3d 1073 [2016], reconsideration denied 28 NY3d 1186 [2017]). In any event, the court also properly denied that part of the motion on the merits because even if the requested item was subjected to DNA testing and such testing revealed the presence of DNA that did not belong to defendant, there would be "no reasonable probability that defendant would have received a more favorable verdict had those test results been introduced at trial" (Letizia, 141 AD3d at 1130 [internal quotation marks omitted]; see People v Swift, 108 AD3d 1060, 1061 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]). As we previously noted, the victim testified that defendant, who was previously known to him, participated in the assault, and that testimony "would not have been impeached or controverted by evidence that the DNA of another individual[, including that of the victim himself,] was discovered on the knife" (Letizia, 141 AD3d at 1130 [internal quotation marks omitted]; see Swift, 108 AD3d at 1062).
Finally, inasmuch as defendant failed to obtain leave to appeal from the order insofar as it denied those parts of his motion seeking relief pursuant to CPL 440.10 and 440.20, his remaining contentions, all of which stem from the denial of those parts of the motion, are not properly before us on this appeal (see CPL 450.15 [1], [2]; People v Loiz [appeal No. 2], 175 AD3d 872, 873 [4th Dept 2019]; People v Fuller, 124 AD3d 1394, 1395 [4th Dept 2015], lv denied 25 NY3d 989 [2015]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court