People v Styles (2022 NY Slip Op 00800)





People v Styles


2022 NY Slip Op 00800


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1151 KA 19-01736

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRIK STYLES, DEFENDANT-APPELLANT. 






IRA M. PESSERILO, SYRACUSE, FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered May 23, 2019. The judgment convicted defendant upon a plea of guilty of attempted promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]), defendant contends that defense counsel was ineffective for failing to communicate with him and for failing to consider a possible psychiatric defense. We affirm.
Initially, we note that the documents submitted in support of defendant's CPL 440.10 motion are not properly part of the record before us because defendant did not obtain leave to appeal from the denial of that motion (see People v Rodriguez, 115 AD3d 580, 581 [1st Dept 2014], lv denied 23 NY3d 967 [2014]; cf. People v Fuller, 124 AD3d 1394, 1395 [4th Dept 2015], lv denied 25 NY3d 989 [2015]).
Defendant's contention that he "was denied effective assistance of counsel survives his plea 'only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance' " (People v Rivera, 195 AD3d 1591, 1591 [4th Dept 2021], lv denied 37 NY3d 995 [2021]; see People v Molski, 179 AD3d 1540, 1540-1541 [4th Dept 2020], lv denied 35 NY3d 972 [2020]). Here, the plea transcript demonstrates that, although defendant was dissatisfied with the limited communication between himself and defense counsel, he was firm in his decision to accept the plea offer—which was favorable—and he did not desire any further communication with defense counsel. Moreover, although there were brief and unspecific references to defendant's mental health issues prior to the plea proceeding, defendant stated that he was "fully alert" at the time of the plea and that he understood the proceedings against him.
Finally, to the extent that defendant's contention is based upon off-the-record communications between defendant and defense counsel, it is properly the subject of a CPL article 440 motion (see People v Jones, 147 AD3d 1521, 1521-1522 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]; People v Rausch, 126 AD3d 1535, 1536 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court