People v Jackman (2022 NY Slip Op 50404(U))

[*1]

People v Jackman (Jose)

2022 NY Slip Op 50404(U) [75 Misc 3d 129(A)]

Decided on May 18, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 18, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

570684/17

The People of the State of New York,
Respondent,
against
Jose Jackman, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Bianka Perez, J., at plea, Margaret W. Martin, J. at sentencing), rendered September 6,
2017, convicting him, upon his plea of guilty, of driving while intoxicated per se, and imposing
sentence.

Per Curiam.
Judgment of conviction (Bianka Perez, J., at plea, Margaret W. Martin, J., at sentencing),
rendered September 6, 2017, affirmed.
Defendant's various challenges to his guilty plea are unpreserved, since he failed to make an
appropriate postallocution motion or otherwise raise the issues in the plea court, despite ample
opportunity to do so within the six months between his guilty plea and sentencing (see People v Laroche, 142 AD3d
872 [2016], lv denied 28 NY3d 1073 [2016]; People v Buie, 128 AD3d 1281 [2015]). The narrow exception to
the preservation rule is not applicable here because nothing in the record casts significant doubt
on the knowing or voluntary nature of defendant's guilty plea (see People v Diaz, 112 AD3d 423,
424 [2013], lv denied 23 NY3d 1036 [2014]) and we decline to review the challenges in
the interest of justice. As an alternative holding, we find that the record establishes that the plea
was knowing, intelligent and voluntary (see People v Tyrell, 22 NY3d 359, 365 [2013];
People v Harris, 61 NY2d 9, 16-19 [1983]), notwithstanding the absence of a formal
recitation of the Boykin rights (see People v Conceicao, 26 NY3d 375, 383
[2015]; People v Sougou, 26 NY3d 1052, 1054-1055 [2015]; People v Rosa, 135 AD3d 434,
435 [2016], lv denied 27 NY3d 968 [2016]).
Furthermore, while the court, upon realizing an error in the promised sentence, imposed a
greater sentence than previously negotiated, it provided defendant a suitable remedy by offering
him the opportunity to withdraw his plea, which he declined (see People v McConnell, 49
NY2d 340, 347 [1980]["A defendant who has not ... changed his position will generally be
entitled to no more than the vacation of his plea if the court concludes that it cannot adhere to the
promise given, for the simple reason that vacating the plea restores him to the same position he
was in before the plea was taken"]; People v Schultz, 73 NY2d 757, 758 [1988]; People v Parilla, 33 AD3d 363
[2006], affd 8 NY3d 654 [2007]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, and
he expressly requests that this Court affirm his conviction if it does not grant a dismissal. Since
dismissal is not warranted, we affirm on that basis as well (see People v Conceicao, 26
NY3d at 385 n; People v Vargas,
162 AD3d 531 [2018], lv denied 32 NY3d 942 [2018]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 18, 2022