People v Stevens (2023 NY Slip Op 05010)

People v Stevens

2023 NY Slip Op 05010

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

110961
[*1]The People of the State of New York, Respondent,
v
Keith Stevens, Appellant.

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Tara B. Wells, Albany, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Albany County (Peter A. Lynch, J.), rendered August 27, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was charged by indictment with three counts of criminal sale of a controlled substance in the third degree. In satisfaction thereof, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and waived his right to appeal, in exchange for a determinate prison sentence between 6 and 12 years, followed by a period of postrelease supervision between 1½ and 3 years. Pursuant to the terms of the plea agreement, County Court thereafter sentenced defendant, as a second felony drug offender, to 10 years in prison and three years of postrelease supervision. Defendant appeals.
We affirm. Defendant challenges the voluntariness of his plea based upon his admission at sentencing to having a history of substance abuse. Defendant's claims in this regard, however, are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Nack, 200 AD3d 1197, 1198 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]; People v Dickerson, 198 AD3d 1190, 1192-1193 [3d Dept 2021]; People v Cunningham, 23 AD3d 754, 755 [3d Dept 2005]). The narrow exception to the preservation requirement is inapplicable here, as the record does not disclose that defendant made any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of the plea (see People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Downs, 194 AD3d 1118, 1119 [3d Dept 2021], lv denied 37 NY3d 971 [2021]). Notably, defendant actively participated in the plea proceedings and nothing in the record suggests that he was incapable of understanding the nature of his plea at that time (see People v Cole, 166 AD3d 1219, 1220 [3d Dept 2018], lv denied 33 NY3d 946 [2019]; People v Buie, 128 AD3d 1281, 1281 [3d Dept 2015]; People v Kaszubinski, 55 AD3d 1133, 1134-1135 [3d Dept 2008], lv denied 12 NY3d 855 [2009]).[FN1] Although defendant stated at sentencing that "[he] didn't know what [he] was doing," this statement "was designed to elicit [County Court's] sympathy and was not an assertion of innocence" (People v Bruno, 147 AD2d 490, 490 [2d Dept 1989]). Moreover, after defendant disclosed his substance abuse history in arguing for a lower sentence, the court confirmed with defense counsel that there was "[n]o legal cause" why sentencing should not proceed.
Defendant's remaining challenge to the severity of the sentence is precluded by the unchallenged waiver of appeal (see People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]; People v Parker, 173 AD3d 1557, 1559 [3d Dept 2019]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED [*2]that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant's allegations regarding his mental state at the time of his guilty plea concern matters outside the record, they are more properly raised in the context of a CPL article 440 motion (see CPL 440.10 [1] [e]; see e.g. People v Brown, 23 AD3d 702, 702-703 [3d Dept 2005], lv denied 6 NY3d 774 [2006]).